MILLS, Judge.
Keyfetz instituted this appeal following the deputy commissioner’s order denying him the right to collect a $225 attorney’s fee from John Smith, the claimant in this workers’ compensation case. We affirm.
Smith sought advice from attorney Key-fetz in connection with his workers’ compensation claim against Roadway Express and Liberty Mutual Insurance Company, the employer/carrier (E/C). After Keyfetz agreed to represent Smith, Smith signed a retainer agreement which provided in part as follows:
I HEREBY retain Attorney L. BARRY KEYFETZ, to represent me in my workmen’s compensation case occurring on or about 4/13/81 when employed by Roadway. I agree to pay my attorney at the rate of $125 per hour, but my responsibility for attorney’s fees shall not exceed 25% of the benefits provided to me. This contract is on a contingent basis as applied to any and all workmen’s compensation benefits or medical benefits paid on my behalf after the date of my retaining counsel.
I further understand and agree that should any attorney fee be assessed against the employer/carrier that said amount would be credited to me against the overall fee for which I am obligated on an hourly basis; that I am obligated for any balance due, but not to exceed 25% of the compensation benefits I have received after securing counsel; that my attorney may negotiate and reach agreement with the employer/carrier regarding any fees to be paid by the employer/carrier without my involvement in connection therewith.
Keyfetz subsequently undertook representation of Smith and was able to secure $1,368 of benefits plus interest, *1046 medical expenses, and costs. The E/C denied compensability so that an attorney’s fee was properly awardable under Section 440.34(3)(c), Florida Statutes (1981).
In connection with the amount of the fee to be assessed, Keyfetz submitted a time affidavit to the deputy commissioner showing that he had spent in excess of 14 hours on the case. The total fee charged by Key-fetz would ordinarily have been $1,750 (14 hours at $125 per hour). In this instance, however, Keyfetz, Smith, and the E/C entered into an agreement which, subject to the approval of the deputy commissioner, provided that the total fee would be only $1,625, with the E/C paying $1,400 and Smith paying $225.
The deputy commissioner refused to assess any fee against Smith. He found that “in a controverted case ... F.S. § 440.34(3)(c) requires that the claimant’s attorney be paid by the employer/carrier and counsel for the claimant is bound by whatever fee may be assessed against the employer/carrier.” He then assessed an attorney’s fee against the E/C in the amount of $1,400.
We agree with the deputy commissioner’s conclusion and hold that when attorneys’ fees are assessed against the E/C under any of the subsections of Section 440.34(3), Florida Statutes (1981), the claimant’s attorney is bound by the amount that the deputy commissioner finds to be reasonable. Based on the facts present in this case, we expressly disapprove of that portion of the retainer agreement set out above which allows fees assessed against the E/C to be merely a credit against the total fee for which a claimant may have obligated himself.
We do not consider the $1,400 fee the deputy ordered the E/C to pay claimant pursuant to a stipulation between them, because this is-not urged as an issue before us.
AFFIRMED.
BOOTH and SHIVERS, JJ., concur.